Matthew J. Jasen, J.
Pursuant to section 222-d of the Code of Criminal Procedure, relator makes application to discharge him from custody on the ground that the Grand Jury of Erie County failed to indict him at the next term following date of imprisonment.
It appears that the relator was charged by information with the violation of section 404 of the Penal Law, burglary in the third degree, violation of section 1897 of the Penal Law, and unlawful possession of a dangerous weapon, before the Justice of the Peace of the Town of Newstead on the 7th day of December, 1965. At the time of his arraignment on the same day his then attorney, Frederick Friedman, requested an adjournment of the hearing until January 7, 1966. A hearing was had on that day and he was held for the Grand Jury.
The case was not submitted by the District Attorney to the January Grand Jury and after the jury was discharged relator made this application to be released from custody.
Subsequent to the return date of this application, the February Grand Jury reported an indictment against the relator on February 25, 1966.
Upon the facts and circumstances presented, this court is of the opinion that section 667 of the Code of Criminal Procedure and not section 222-d is applicable to a proceeding after a defendant had been bound over for Grand Jury action.
This section specifically states that “ When a person has been held to answer for a crime, if an indictment be not found against him, at the next term of the court at which he is held, to answer, the court may on application of the defendant order the prosecution to be dismissed, unless good cause to the contrary be shown.”
Here the relator was held for Grand Jury action on January 7, 1966, at which time the January Grand Jury was already in session. The “ next ” Grand Jury Term commenced on February 7,1966.
Therefore, the indictment of the relator on February 25, 1966 by the February Grand Jury was within the statutory period and the writ should be dismissed,